**GRAIF BARRETT & MATURA, P.C.**
Kevin C. Barrett, State Bar No. 020104
Jeffrey C. Matura, State Bar No. 019893
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710

Attorneys for BBK Tobacco & Foods, LLP,
 d/b/a HBI International

Email Addresses:  kbarrett@gbmlawpc.com
                  jmatura@gbmlawpc.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>            Plaintiff,<br><br>      vs.<br><br>Juicy Vapor, LLC, a New York Limited Liability Company, Doe Corporations XX through ZZ, and Doe Individuals 1 through 10,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## DESCRIPTION OF ACTION

1.     This is an action by BBK Tobacco & Foods, LLP dba HBI International ("HBI International") against Juicy Vapor, LLC for trademark infringement and unfair competition.  HBI International seeks injunctive relief and damages for trademark infringement under the Lanham Act, 15 U.S.C. §1114 and for unfair competition under 15 U.S.C. § 1125(a) and the common law of the State of Arizona.

## THE PARTIES

2.     Plaintiff BBK Tobacco & Foods, LLP is an Arizona limited liability partnership.  It is incorporated in Arizona, has its principal place of business in Arizona, and does business under the name HBI International.

3. Defendant Juicy Vapor, LLC is a New York limited liability company with its principal place of business in New York.

4. The identity of Doe Corporations XX through ZZ and Doe Individuals 1 through 10 are unknown at this time. However, upon information and belief HBI International alleges that each of these Doe defendants participated along with Juicy Vapor in and are liable to HBI International for the acts alleged herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

6. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(a).

7. Defendant is subject to general and specific jurisdiction of this Court by virtue of their substantial contacts with Arizona, including, but not limited to, doing business in Arizona, marketing its products to consumers in Arizona, and operating an active website through which consumers in Arizona can purchase Juicy Vapor's infringing products.

## COMMON ALLEGATIONS

8. HBI International is in the business of designing, marketing, and selling tobacco-related products, including loose tobacco, rolling papers, cigars, vaporizers, and liquid flavoring for tobacco and legal smoking herbs.

9. In 2000, HBI International launched a line of tobacco-related products under the brand name JUICY JAY. This was complimented in 2001 by a line of tobacco-related products under the related brand name JUICY. HBI International's combined line of "JUICY" products includes flavored rolling papers, flavored cigars, flavored cigar wraps, "JUICY DROPS" and "JUICY FLAVORNATOR." JUICY DROPS and JUICY FLAVORNATOR are natural liquid products that are used to flavor tobacco, legal herbs,

cigars, pipes, vaporizers and ecigarettes.   HBI International sold these products before defendant engaged in its improper acts, as described below.

10. HBI International owns federal trademark registration No. 3053223 for "JUICY," and No. 3876971 for "JUICY JAY."

11. HBI International is currently in the process of expanding its JUICY line of tobacco-related products to further include the emerging vaporizer/ecigarette market. HBI International is preparing to launch a JUICY-branded vaporizer and JUICY eJuice flavor drops for vaporizers and ecigarettes.

12. HBI International has pending federal trademark applications to expand its JUICY mark to vaporizers (85-811458) and liquid flavorings (85-811532).

13. Since commencing the mass marketing of JUICY-branded products in 2000, HBI International has continuously used the JUICY name and mark in connection with its JUICY line of products in various advertising and promotional materials.

14. HBI International has spent significant sums of money and expended significant efforts to promote its JUICY line of products and JUICY marks. HBI International's promotional efforts include, for example, internet advertising, point of sale materials, sponsorships, contests, and attendance at trade shows. The JUICY marks are prominently featured in advertisements and promotions for JUICY products.

15. As a result of HBI International's substantial use and promotion of the JUICY marks, HBI International has acquired great value as an identifier of HBI International's products, which serve to distinguish HBI International's JUICY line of products from those of its competitors. Customers in this Judicial District and elsewhere readily recognize HBI International's JUICY marks as a distinctive designation of the origin of HBI International's JUICY line of products. The JUICY marks are an asset of significant value as a symbol of HBI International and its quality products and goodwill.

16. Defendant Juicy Vapor is in the business of designing, manufacturing, marketing, selling, and distributing tobacco-related products, primarily liquid flavoring for use in electronic cigarettes.

17. Without permission or authority from HBI International, defendant has infringed upon HBI International's JUICY marks in interstate commerce by making, using, promoting, advertising, distributing, selling, and offering to sell products under the brand name "JUICY VAPOR" (the "Infringing Mark.")

18. Upon information and belief, defendant's use of the Infringing Mark is intended to trade upon the goodwill and substantial recognition associated with HBI International's JUICY line of products.

19. Upon information and belief, defendant is using the Infringing Mark to associate themselves with HBI International or otherwise trade upon HBI International's reputation.

20. Upon information and belief, defendant's use of the Infringing Mark is intended to cause confusion, mistake, or deception.

21. Upon information and belief, defendant intends to cause consumers and potential customers to believe that defendant's products are associated with HBI International's JUICY products when, in fact, defendant's products are not.

22. By virtue of the acts outlined herein, defendant has created a likelihood of injury to HBI International's business reputation, caused both actual confusion and the strong likelihood of consumer confusion as to the source of origin and of the relationship of HBI International's and defendant's goods, and has otherwise competed unfairly with HBI International.

23. Upon information and belief, defendant's acts outlined herein are willful and deliberate.

24. Defendant's acts outlined herein have caused damage to HBI International in an amount to be determined at trial, and such damages will continue to increase unless and until defendant is enjoined from its wrongful conduct.

25. Defendant's acts outlined herein have caused HBI International to suffer irreparable injury to its business.  HBI International will suffer a substantial loss of

goodwill and reputation unless and until defendant is preliminarily and permanently enjoined from the wrongful actions outlined herein.

### First Cause of Action

**(Trademark Infringement and False Designation of Origin)**
**(15 U.S.C. § 1125(a))**

26. HBI International realleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

27. This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

28. Defendant created a false designation of origin by using in commerce, without HBI International's permission, marks confusingly similar to HBI International's JUICY marks in connection with the advertisement, offering for sale, and sale of defendant's JUICY VAPOR-branded products. Upon information and belief, defendant did so with the intent to compete against HBI International, to trade upon HBI International's reputation and goodwill by causing consumer confusion and mistake, and to deceive the public into believing that defendant's products are associated with, sponsored by, or approved by HBI International, when they are not.

29. HBI International's JUICY marks are non-functional, are inherently distinctive, and have acquired substantial secondary meaning in the marketplace.

30. Defendant's products sold with the Infringing Mark are confusingly similar to HBI International's JUICY line of tobacco-related products. Defendant has infringed upon HBI International's JUICY marks and created a false designation of origin by manufacturing, distributing, selling, and promoting in commerce, without HBI International's permission, products containing the Infringing Mark. Upon information and belief, defendant did so with the intent to compete against HBI International, to trade upon HBI International's reputation and goodwill by causing consumer confusion and mistake, and to deceive the public into believing that defendant's products are associated with, sponsored by, or approved by HBI International, when they are not.

31. Upon information and belief, defendant had actual knowledge of HBI International's ownership and prior use of HBI International's JUICY marks, and without HBI International's consent, has willfully violated 15 U.S.C. § 1125(a).

32. Defendant's aforementioned acts have irreparably injured HBI International and damaged HBI International in an amount to be determined at trial. Such irreparable injury will continue unless and until defendant is preliminarily and permanently enjoined by this Court from further violation of HBI International's rights, for which HBI International has no adequate remedy at law.

## Second Cause of Action

### (Unfair Competition under Arizona Common Law)

33. HBI International realleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

34. This is an action for common law unfair competition arising under the common law of the State of Arizona.

35. By virtue of the acts outlined herein, defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed with HBI International in violation of the common law of the State of Arizona.

36. Defendant's willful acts of unfair competition have caused damage and irreparable injury to HBI International in an amount to be determined at trial.

37. Defendant's willful acts of unfair competition under Arizona common law constitute fraud, oppression, and malice. Accordingly, HBI International is entitled to exemplary damages.

## Prayer for Relief

WHEREFORE, HBI International prays for judgment against Juicy Vapor as follows:

A. That the Court enter judgment in favor of HBI International and against defendant on all causes of action alleged herein;

B. That the Court enter judgment that defendant has willfully violated the

provisions of 15 U.S.C. §1125 by infringing upon HBI International's JUICY mark through the marketing, sale, and promotion of products bearing the Infringing Mark;

     C.     That defendant be adjudged to have willfully violated the provisions of 15 U.S.C. § 1125 by using false designation of origin, false description, or false representation in connection with its products;

     D.     That defendant be adjudged to have unfairly competed with HBI International under the common law of the State of Arizona;

     E.     That defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

          1.     Using the Infringing Mark in connection with defendant's goods, in advertising or promoting defendant's goods, and/or using confusingly similar variations of the JUICY marks in any manner that is likely to create the impression that defendant's goods originate from HBI International, are endorsed by HBI International, or are in any way connected to HBI International;

          2.     Otherwise infringing upon the JUICY marks;

          3.     Unfairly competing with HBI International in any manner whatsoever; and

          4.     Causing a likelihood of confusion or injury to HBI International's business reputation;

     F.     That defendant be directed to file with this Court and serve upon HBI International within thirty (30) days after the service of the injunction, a report, in writing, under oath, and setting forth in detail the manner and form in which defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

     G.     That defendant be required to account to HBI International for any and all profits derived by defendant's use of the infringing mark and all damages sustained by

1  HBI International by virtue of defendant's acts outlined herein;

2  H. That defendant be ordered to pay over to HBI International all damages
3  which HBI International has sustained as a consequence of the acts outlined herein,
4  subject to proof at trial;

5  I. That HBI International be awarded treble damages pursuant to 15 U.S.C. §
6  1117;

7  J. That HBI International be awarded exemplary damages from defendant;

8  K. That an award of reasonable costs, expenses, and attorneys' fees be
9  awarded to HBI International;

10  L. That defendant be required to deliver and destroy all devices, literature,
11  advertising, goods, and other materials bearing the infringing mark pursuant to 15 U.S.C.
12  § 1118; and

13  M. That HBI International be awarded such other and further relief as this
14  Court may deem just.

## Jury Trial Demand

HBI International demands a jury trial on all claims that support such a demand.

RESPECTFULLY SUBMITTED this 8th day of January, 2013.

**GRAIF BARRETT & MATURA, P.C.**

By: /s/ Kevin C. Barrett
Kevin C. Barrett
Jeffrey C. Matura
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Attorneys for Plaintiff BBK Tobacco &
Foods, LLP, d/b/a HBI International

4815-4538-9074, v. 1