# EXHIBIT C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: _____
*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
                                                                OR
_____                  _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

You may comply with the subpoena by mailing complete and legible photocopies of all of the documents and tangible things to the offices of Ballard Spahr LLP, 201 South Main Street, Suite 800, Salt Lake City, UT 84111, prior to the return date of the subpoena.  If you choose to comply with this subpoena in this manner, please be aware that Juicy Vapor, LLC ("Juicy Vapor") reserves its right to examine the original documents and tangible things, if such examination is deemed necessary by Juicy Vapor.

## DEFINITIONS

1. "You" or "Your" shall mean 420 Magazine, Inc., its partners, agents, attorneys, servants, and employees; its former partners, agents, attorneys, servants, and employees; and all persons who have acted or purported to act on its behalf.

2. "BBK" shall mean BBK Tobacco & Foods, LLP, an Arizona limited liability partnership d/b/a HBI International, its partners, agents, attorneys, servants and employees; its former partners, agents, attorneys, servants and employees; and all persons who have acted or purported to act on its behalf.

3. "420 Magazine" shall mean anything published by You in print or on URLs: http://www.420magazine.com, http://www.twitter.com/420magazine, and http://www.facebook.com/420magazine.

4. The conjunctions "and" and "or" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to allow You to more particularly answer a Request.

5. The terms "regarding," "referring," "relating" or "concerning" shall mean comprising, reflecting, containing, pertaining, indicating, showing, evidencing, describing, disclosing, mentioning, or bearing upon.

6. The term "person" shall mean and refer to an individual, a corporation, a partnership, an association, a joint stock company, a business trust or any unincorporated organization, including but not limited to officers, directors, members, shareholders, accountants, attorneys, representatives, brokers and/or agents.

7. The term "document" shall mean written, printed, typed, graphic or photographic matter of any kind or nature, however produced or reproduced, and all mechanical, magnetic, electromagnetic and electronic sound recordings or written transcripts thereof, however produced or reproduced, and including without limitation, all originals no matter how or by whom prepared, all drafts of these whether used or not, and all copies of the original. The term "document" shall likewise include "writings," "recordings," or "photographs" (original, drafts, and copies) as those terms are defined and used in Fed. R. Evid. 1001 and Fed. R. Civ. P. 34.

8. The term "correspondence" shall mean any communications of any kind, or notes of any communication, regardless of how delivered or recorded.

9. The term "communication" shall mean written, printed, telephonic, or electronic correspondence or communication of any kind.

## INSTRUCTIONS

1. Each request for production of documents contemplates production in full, without abbreviation or redaction.

2. If any documents called for in this demand for production are withheld from production, furnish a list of such documents containing a complete description of each document, including: (i) the date and number of pages of the document; (ii) its title (if any); (iii) its subject

matter; (iv) the identity of each attachment or appendices to the document; (v) the name and identification of each person to whom it is addressed; (vi) the name and identification of each person to whom the document was distributed, shown or explained; (viii) the name and identification of the person or persons by whom it was written; (ix) its present custodian; and (x) the ground or grounds upon which it is being withheld. If a privilege is asserted as a ground for not producing, or otherwise responding to a production request, describe the factual basis for the claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege.

3. In the event that any document called for by this set of demands has been destroyed or discarded, identify each such document by stating: (i) any addresser or addressee; (ii) the addresses of any indicated or blind copies; (iii) the date, subject matter, and number of pages of the document; (iv) the identity of any attachments or appendices to the document; (v) all persons to whom the document was distributed, shown, or explained; (vi) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard; and (vii) the person authorizing and carrying out such destruction or discard.

4. These requests are deemed continuing. If any document requested comes into your possession, custody or control or any person acting on your behalf after the time specified herein for the production of such document, you should immediately produce such document to the undersigned attorneys for inspection and copying.

5. Unless otherwise expressly stated in writing, failure to produce any item requested herein is a representation that such item does not exist or is not in the possession, custody or control of you or any person acting on your behalf.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION 1:

Produce any and all communications and/or correspondence by and between You and BBK relating to any/all JUICY® and JUICY JAY'S® branded products from January 1, 2008 to the present.

### REQUEST FOR PRODUCTION 2:

Produce any and all communications and/or correspondence by and between You and BBK relating to any/all advertising and/or promotions of any/all BBK products, including but not limited to any/all JUICY® and JUICY JAY'S® branded products in 420 Magazine or at 420 Magazine sponsored events from January 1, 2008 to the present.

### REQUEST FOR PRODUCTION 3:

Produce any and all documents relating to any/all advertising and/or promotions of any/all BBK products, including but not limited to any/all JUICY® and JUICY JAY'S® branded products in 420 Magazine or at 420 Magazine sponsored events from January 1, 2008 to the present.

### REQUEST FOR PRODUCTION 4:

Produce any and all documents relating to any/all sponsorships, donations, or fundraisers by BBK in support of 420 Magazine or any 420 Magazine sponsored events from January 1, 2008 to the present.

## **REQUEST FOR PRODUCTION 5:**

Produce any and all communications and/or correspondence by and between You and BBK relating to cannabis or cannabis related products from January 1, 2008 to the present.